# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAURINI VIZUET RODRIGUEZ,<br><br>                          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case No.: 19cv1954 CAB (JLB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. While somewhat unclear, it appears that Petitioner is challenging his removal order on the basis that his prior criminal conviction does not qualify as an aggravated felony. [Doc. No. 1 at 2.][1] This Court, however, does not have subject matter jurisdiction to review a final removal order.

      Pursuant to the REAL ID Act, Pub.L. No. 109–13, 119 Stat. 231 (May 11, 2005), judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals; the district courts no longer have jurisdiction to review such orders. Therefore, the exclusive means of asserting a challenge to a final order of removal

---

[1] It also appears that Petitioner is not currently in custody. *See* Doc. No. 1 at 40, showing Plaintiff's address as a private residence.

and matters related thereto, is to file a petition for review in the appropriate court of appeals. 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir.2008) ("RIDA amended § 1252(b)(9) of the INA to vest the circuit courts with exclusive habeas jurisdiction over petitions challenging final orders of removal."); *see also* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Lopez v. Dep't of Homeland Sec.*, 2010 WL 4279314, *2 (C.D.Cal.2010) (holding that the district court lacked jurisdiction over a request to halt the execution of an order of removal).

Therefore, the petition is **DISMISSED WITHOUT PREJUDICE** to being refiled in the appropriate court of appeals.

**IT IS SO ORDERED**.

Dated: October 28, 2019

Hon. Cathy Ann Bencivengo
United States District Judge